IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal No. 2:00CR11-2

DENZIL GRANT,

    Defendant.

## ORDER/OPINION

On the 31st day of May 2006, came the defendant, Denzil Grant, in person and by his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, David Godwin, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on May 16, 2006, alleging Defendant Violated Conditions of his Supervised Release as follows:

1.     Violation of standard condition: the defendant shall not commit another federal state or local crime:

        On July 11, 2005, the defendant was arrested in Mingo County by the West Virginia State Police after he assaulted his girlfriend, Lechia Lynn Moody. The defendant was charged with domestic assault, fleeing, and obstructing. The charges were dismissed on August 11, 2005.

        On April 25, 2006, the defendant was arrested in Putnam County by the Putnam County Sheriff's Department after he assaulted his girlfriend, Lechia Lynn Moody. Subsequently, he was charged with domestic assault and was released after he posted a $1,000 bond. The case is pending and a pretrial hearing is scheduled for June 9, 2006.

2.     Violation of standard condition number 2: the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month:

        The defendant has not submitted monthly reports for January,

February, March, and April 2006.

3. Violation of standard condition number 11: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer:

    The defendant failed to report his arrest for domestic assault on April 25, 2006.

4. Violation of standard condition number 14: the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician:

    On January 25, 2005, the defendant tested positive for amphetamine and methamphetamine.

    On February 10, 2005, via a urine test cup, the defendant was positive for marijuana.

    On April 29, 2005, the defendant tested positive for amphetamine and methamphetamine.

    On July 19, 2005, the defendant tested positive for amphetamine.

    On December 5, 2005, the defendant tested positive for amphetamine, methamphetamine, and marijuana.

    On February 17, 2006, the defendant tested positive for amphetamine and methamphetamine.

5. Violation of standard condition number 16: The defendant shall submit to random urinalysis or any other drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer:

    The defendant has failed to attend random urine screens on thirteen separate occasions. Additionally, the defendant was instructed to participate in an intensive outpatient program for substance abuse at Prestera's Addiction Recovery Center – P.A.R.C. East. On January 10, 2006, he attended the addiction assessment meeting but never returned for treatment.

By Order dated May 16, 2006, Chief United States District Judge Irene M. Keeley ordered a warrant issued for Defendant's arrest.

Defendant was arrested and an Initial Appearance on the Petition was held before the undersigned on May 26, 2006.

Prior to the taking of evidence, Defendant waived the preliminary hearing. He admitted probable cause existed regarding the allegations numbered 2, 4, and 5, to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition regarding the alleged violations. He did not admit probable cause as to the allegations numbered 1 and 3.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release numbered 2, 4, and 5, as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed May 16, 2006. The Court makes no specific findings regarding the allegations numbered 1 and 3.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia for full hearing regarding the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision filed May 16, 2006.

Defendant orally moved the Court for release on conditions pending further proceedings in this matter. The Government objected to Defendant's release. Defendant argued that he worked full time, making approximately 11.00 per hour; that his job was still available; that he was currently

paying restitution and child support; and that he could reside with his mother on home confinement with the exception of work and meetings with his probation officer.

The Court noted that, if proven, the allegations in violation number 4 alone would require revocation. The Court further voiced its concern regarding the totality of the violations alleged in the petition- allegations of continued drug use, failure to attend random urine screens, failure to attend drug treatment, and his arrest on charges of domestic assault– and **DENIED** Defendant's motion for release pending further proceedings.

It is so **ORDERED**.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: May 31, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE